IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:_____

FRANCO GIORGIONE, an individual

Plaintiff,

v.

RPD SERVICES INC.,
a Colorado corporation, d/b/a ENVIROPEST

Defendant.

---

## COMPLAINT & JURY DEMAND

---

Plaintiff, Franco Giorgione, by and through his counsel of record, hereby brings this Complaint against Defendant RPD Services Inc., a Colorado corporation, d/b/a Enviropest. Plaintiff states as follows:

### PARTIES

1. Plaintiff Franco Giorgione is a resident of Red Willow County, State of Nebraska.

2. Defendant RPD Services Inc., d/b/a Enviropest (hereinafter, "Enviropest") is a corporation organized under the laws of the State of Colorado, with its principal place of business in Weld County, State of Colorado.

### JURISDICTION AND VENUE

3. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*

4. As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over any and all state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to this cause of action occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff Franco Giorgione was employed by Enviropest, with its home office in Loveland, Colorado, beginning in March of 2007 with his employment ending in May of 2016.

7. The Plaintiff was employed as an exterminator and performed pest control services while employed by Enviropest and as such, does not fall within any of the statutory exemptions for the payment of overtime wages.

8. Throughout his employment, Plaintiff was assigned a route which routinely required him to work between 50 and 60 hours per week.

9. However, he was only paid for the standard 40 hours per week, and never received overtime compensation.

10. Plaintiff is entitled to the payment of overtime wages in accordance with the laws of the United States and the State of Colorado.

11. Defendants acts violate the Colorado Wage Claim Act and the Fair Labor Standards Act ("FLSA") and entitle Plaintiff to remedies thereunder and according to proof.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE COLORADO WAGE CLAIM ACT, C.R.S. §8-4-101 *et seq.*

12. Plaintiff incorporates paragraphs 1-11 as if realleged.

13. Plaintiff was regularly required to perform work duties for between fifty and sixty hours per week, but was never paid for more than forty hours.

14. Defendant employed a misclassification scheme and misinformed Plaintiff that he was exempt from overtime because "he was salaried".

15. This action constitutes a willful violation of the Colorado Wage Claim Act.

16. Defendant violated the Colorado Wage Claim Act, C.R.S. §§8-4-101 *et seq.* by failing to pay Plaintiff all earned, vested, and determinable wages unpaid at the time of separation, and failing to pay Plaintiff proper overtime wages as required.

17. As such, Defendant is liable to the Plaintiff for their lost wages, prejudgment interest, attorney's fees and costs associated with bringing this action, statutory penalties, and other damages according to proof.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*

18. Plaintiff incorporates paragraphs 1-17 as if realleged.

19. Plaintiff routinely worked between fifty and sixty hours per week, but was only compensated for forty hours, and was denied compensation for the additional time worked.

20. The denial of payment in any form, and particularly in the form of overtime wages violates 29 U.S.C. §206 and § 207.

21. Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* by failing to pay Plaintiff one and one half times the employees regular rate of pay for all hours worked beyond forty hours in a given work week.

22. As such, Defendant is liable to Plaintiff for damages in the amount of their earned overtime wages plus liquidated damages equal to that amount.

WHEREFORE, the Plaintiff prays that the Court award his unpaid wages, costs, attorney's fees, and statutory penalties pursuant to C.R.S. §8-4-101 *et seq.*; liquidated damages pursuant to 29 U.S.C. §216(b); and any other relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED: March 15, 2017

Respectfully Submitted,

*/s/ R. Bret Beattie*
R. Bret Beattie, #39805
Alexandra M. Bellanti, #47910
The Bret Beattie Law Firm, LLC
7200 S. Alton Way, Suite A-120
Centennial, CO 80112
ATTORNEYS FOR THE PLAINTIFFS